COURT OF APPEALS
DECISION
DATED AND FILED

May 17, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP154**

Cir. Ct. No. **1996CF964321**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TYRONE STALLINGS,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: DAVID L. BOROWSKI, Judge. *Affirmed*.

Before Brash, C.J., Graham and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Tyrone Stallings, *pro se*, appeals the order denying his postconviction motion. We conclude that the postconviction court properly

determined that Stallings was not entitled to an evidentiary hearing on his motion alleging that the State withheld exculpatory evidence, and we affirm.

**BACKGROUND**

¶2      As this court noted in one of Stallings's prior appeals:

> Stallings was convicted of conspiracy to commit first-degree intentional homicide in 1996. On direct appeal, Stallings's appointed counsel filed a no-merit report. Stallings did not respond to the report. After conducting an independent review of the record, we concluded that there were no arguably meritorious issues for appeal and affirmed the judgment of conviction. Since that time, Stallings has filed numerous motions and petitions challenging his conviction in the circuit court, this court, and the supreme court.

*State v. Stallings*, No. 2015AP635-CR, unpublished op. and order (WI App Feb. 16, 2016). Stallings's most recent postconviction motion, which is the subject of his current appeal, alleges that the State violated his right to due process when it withheld exculpatory evidence.

¶3      In the motion, Stallings claimed that the State withheld evidence that his co-conspirator, Christopher Jones, organized the criminal scheme in this case so that he could report it to law enforcement in an effort to obtain a lighter sentence in a case that was pending against Jones at the time. Stallings additionally alleged that Detective Frank Velasquez was involved in the plot and that the State withheld that information as well. In support of the allegation against Velasquez, Stallings provided a contemporaneous memorandum Velasquez wrote about a tip he received from a confidential informant about the conspiracy hours before it was supposed to happen and a report of a meeting he and another detective had with the informant later that day. Other documents Stallings submitted indicated that Jones was the informant.

¶4     The postconviction court denied the motion without holding a hearing.[1]

## DISCUSSION

¶5     In this appeal, Stallings renews his claims that the State withheld exculpatory evidence relating to Jones and Detective Velasquez.  He appears to argue that the State withheld the fact that Jones reported the conspiracy to investigators and that Detective Velasquez was a part of the conspiracy.  He references entrapment and suggests that to the extent that Jones was acting with Detective Velasquez's approval, this fact would have supported an entrapment defense of which he was unaware when he entered his plea.[2]

¶6     Whether a postconviction motion alleges sufficient facts to require a hearing is a question of law an appellate court reviews *de novo*.  *State v. Balliette*, 2011 WI 79, ¶18, 336 Wis. 2d 358, 805 N.W.2d 334.  "[I]f the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the postconviction court has the discretion to grant or deny a hearing."  *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.

---

[1]  Absent a sufficient reason, a defendant is procedurally barred from using a WIS. STAT. § 974.06 postconviction motion to bring claims that could have been raised earlier.  *See State v. Escalona-Naranjo*, 185 Wis. 2d 168, 184-85, 517 N.W.2d 157 (1994).  The circuit court did not rely on *Escalona* when it denied Stallings's most recent motion, and the State does not advance any argument about *Escalona* on appeal.  Therefore, we do not address whether *Escalona* provides an alternative basis for affirming the circuit court's denial of Stallings's postconviction motion.

[2]  WISCONSIN JI—CRIMINAL 780 provides, "'Entrapment' is a defense available to defendants when a law enforcement officer has used improper methods to induce them to commit an offense they were not otherwise disposed to commit."

We review a postconviction court's discretionary decision to grant or deny a hearing under the erroneous exercise of discretion standard. *Id.*

¶7      To establish a *Brady* violation, a defendant must show that the State suppressed the evidence in question, that the impeachment or exculpatory evidence was favorable to him or her, and that the evidence was material to the determination of his or her guilt or punishment. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see also State v. Rockette*, 2006 WI App 103, ¶39, 294 Wis. 2d 611, 718 N.W.2d 269.   Evidence is material only if there is a reasonable probability that, had it been disclosed to the defense, the result of the proceeding would have been different. *State v. Harris*, 2004 WI 64, ¶14, 272 Wis. 2d 80, 680 N.W.2d 737.  The defendant bears the burden of proving the violation, i.e., that the State withheld evidence that is favorable and material. *See id.*, ¶13.

¶8      Stallings's claims were insufficient to warrant a hearing for several reasons.  First, as to Jones, there is no indication that his role in the conspiracy was withheld.  The documents provided by Stallings in support of his postconviction motion show that in November 1996, approximately one month before Stallings entered his guilty plea, the State informed his co-defendant in a plea-offer letter that the conspiracy was "put into motion by a man named Chris Jones" who "was attempting to act as an informer for the Milwaukee Police Department in an effort to mitigate the State's sentencing recommendation in a felony drug case." Stallings does not explain when he obtained this document and, to the extent there is ambiguity regarding the timing of the State's disclosure of Jones's role to Stallings, the burden was on Stallings to show the evidence was withheld.  *See id.*, ¶13 (explaining the *Brady* violation standards, and stating that the defendant must demonstrate that the standards are met).

4

¶9     Moreover, during Stallings's sentencing hearing in May 1997, Stallings's trial counsel described Jones's role in organizing and reporting the conspiracy, asserting Stallings "was merely a means to an end for a man named Christopher Jones.  A man who set this whole plan in motion because he didn't want to go to prison for possession of a controlled substance with intent to deliver."  Stallings's trial counsel continued:

> A crime that carries up to ten years in prison, but one for which the [S]tate was only recommending that [Jones] be imprisoned for 24 months.  So the [S]tate, in action taken by [the] assistant [d]istrict [a]ttorney … made a deal with the devil.  Deal that's on paper.  There was a written agreement between the [S]tate and the devil, Mr. Jones, a deal that said that the defendant Chris Jones, was advised that consideration for cooperation will be given only if the cooperation results in charged cases.  No consideration will be afforded for merely providing information or for information that does not result in the issuance of criminal charges against another person.
>
> So what did Chris Jones do?  He went about setting in motion a way for him not to go to prison.  Everybody else be damned.  He knew the bigger the information he provided, the better his chances of not going to prison.

¶10     The record supports the State's assertion that as of the sentencing hearing, Jones's role was treated as an established fact in the case.  As previously noted, insofar as the exact timing of the disclosure of this information is ambiguous, Stallings failed to satisfy his burden that the evidence was withheld, let alone that it was favorable to him and material.  *See **id.***

¶11     Next, as to Detective Velasquez, there is no support for Stallings's conclusory assertion that Velasquez was involved in a conspiracy.  The documents that Stallings provided in support of his motion show that Jones reached out to the Milwaukee Police Department on the date that the plot was to take place and tipped off the officers.  The documents do not, however, show that Velasquez

5

encouraged the plot in any way. There is no support for Stallings's claim that the police were involved in a plan to entrap him.

¶12 Lastly, Stallings's claims fail because he did not assert that he would not have pled guilty had he known about the information that he claims was withheld. *See id.*, ¶11 & n.7 (explaining that for plea withdrawal on constitutional grounds to be warranted, a defendant must allege—among other things—that he would not have entered his plea but for the alleged violation). The postconviction court properly denied Stallings's motion without a hearing.[3]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] For the first time in his reply brief, Stallings tries to remedy this oversight and additionally argues that there has been a miscarriage of justice pursuant to WIS. STAT. § 752.35 (2019-20). These arguments arrive too late. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998) (noting that we need not consider arguments developed for the first time in a reply brief).